In the matter of the petition of WILLIAM T. JOHNSON, Collector.

*Filed at Ottawa May 12, 1882—Rehearing denied September Term, 1882.*

1. TAXES—ASSIGNEE OF TAX DEBTOR—*petition by the collector that the assignee be compelled to pay the taxes.* A petition by a collector of taxes for an order to compel an assignee of the tax debtor to pay taxes due from the person who made the assignment, out of funds in his hands, which fails to show that any property went into the assignee's hands to which a lien

could attach in any event, and simply charging that he has funds in his hands sufficient to pay the assignor's taxes, without stating from whom the fund is derived, is wholly insufficient, and is properly dismissed for want of equity.

2. TRANSCRIPT OF RECORD—*what regarded as a part of the record.* This court can not notice a deed of assignment transcribed into the record by the clerk, which is not made an exhibit in the case or made a part of the record in any manner known to the practice.

WRIT OF ERROR to the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Mr. CONSIDER H. WILLETT, for the plaintiff in error:

In voluntary assignments taxes are a paramount lien superior to the claims of general creditors. Rev. Stat. chap. 120, secs. 5, 254, 255; Cooley on Taxation, 306; *Dunlap* v. *Gallatin County,* 15 Ill. 7; *Dennis* v. *Maynard,* id. 477; *Hill* v. *Figley,* 23 id. 418; *Almy* v. *Hunt,* 48 id. 45; *Schaeffer* v. *The People,* 60 id. 179; *Binkert* v. *Wabash Ry. Co.* 98 id. 205; *Belleville Nail Co.* v. *The People,* id. 399.

The assignee stands in the shoes of his assignor as to all liens upon the property received through a voluntary assignment. *Jenkins* v. *Pierce,* 98 Ill. 646; *Hardin* v. *Osborne,* 94 id. 576; *Yeatman* v. *Savings Institution,* 95 U. S. 764; *Hill* v. *Harding,* 93 Ill. 77; *Wales* v. *Bogue,* 31 id. 464.

Messrs. TENNEY, FLOWER & CRATTY, for the defendant in error:

The county court has no jurisdiction in the premises. Rev. Stat. chap. 10 a, secs. 5, 6, 7, 12, 14; *The People* v. *Biggins,* 96 Ill. 481.

The proceedings to collect taxes must show a strict compliance with the statute. *The People* v. *Winkleman,* 95 Ill. 412; *Biggins* v. *The People,* 96 id. 381; *Scott* v. *The People,* 2 Bradw. 642; *Smith* v. *The People,* 3 id. 380; *Vetter* v. *The People,* id. 385.

Personal property taxes are no lien upon land until some specific tract is selected and charged, as the statute provides. Rev. Stat. chap. 120, sec. 183; Cooley on Taxation, 305; *Schaeffer* v. *The People*, 60 Ill. 179; *Belleville Nail Co.* v. *The People*, 98 id. 399.

There is no lien upon personal property for any taxes except by virtue of the warrant in the collector's hands, and then only upon property then owned by the tax debtor. Rev. Stat. chap. 120, secs. 254, 255; *Hill* v. *Figley*, 23 Ill. 418; *Hill* v. *Figley*, 25 id. 156; *Garr* v. *Hurd*, 92 id. 315; *Binkert* v. *Toledo, Wabash and Western R. R. Co.* 98 id. 206; *Belleville Nail Co.* v. *The People*, id. 399.

The assignee is vested with the title to the assigned property, and he takes it free from all liens or incumbrances, except such as existed at the date of the assignment. Rev. Stat. chap 10 a, secs. 1–11; Burrill on Assignments, pp. 250, 252, 396; *Willis* v. *Henderson*, 4 Scam. 13; *Wilson* v. *Pearson*, 20 Ill. 81; *Pike* v. *Bacon*, 21 Maine, 280.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

William T. Johnson, treasurer of the county of Cook, and *ex officio* collector of taxes, presented his petition to the county court of that county, in which he represented that on the 10th day of March, A. D. 1881, there came to his hands a warrant for the collection of taxes for the year 1880, and prior years; that personal property taxes were assessed against the firm of Eliel, Danziger & Co., by the assessor of the towns of South Chicago and North Chicago, for the year 1880, on personal property of the firm, amounting in the aggregate to the sum of $420.21; that the taxes due from the firm for that and prior years, which he was commanded to collect by a warrant in his hands, amounted to the sum of $469.80, and that the firm of Eliel, Danziger & Co. made an assignment to Lambert Eliel, on the 30th day of June, 1880, and that such assignee has a fund in his hands suf-

ficient to pay such taxes. Petitioner asked for an order that the assignee pay such taxes out of any money in his hands as such assignee, within a short time, to be fixed by the court. Substantially this is all the petition contains, and to it the assignee interposed a demurrer, which was by the court sustained, and the petition dismissed. The collector now brings the case to this court on error, to reverse the order of the county court.

Without expressing any opinion on the question raised whether the county court has jurisdiction in cases of this kind to decree the relief asked in the petition, the decision may be placed on the ground the petition, admitting it to be true, as the demurrer does, makes no case that would warrant relief in a court of competent jurisdiction. It is not shown that any property, either real or personal, of the tax debtors went into the hands of their assignee, to which a lien could attach in any event. The deed of assignment is transcribed on the transcript, but how it came there does not appear. It is not made an exhibit to the petition, nor is it made a part of the record in any manner known to the practice in such cases. Narrowing the inquiry, then, as must be done, to the facts stated in the petition, it does not appear that any of the property upon which the taxes were levied, or indeed any articles of property of the tax debtors, went into the hands of the assignee under the assignment. The allegation of the petition in this regard is, the assignee has a fund in his hands sufficient to pay the taxes due from the assignors, but whence that fund was derived is not made known by any averment in the petition. It would seem clear if no property of the tax debtors went into the possession of their assignee, there would be absolutely nothing to which a lien for such taxes could attach in favor of the State or any one else. It is certain no lien for such taxes would attach to a fund in the hands of the assignee derived from any other source. It is for the obvious reason the statute

has not so declared. No lien for taxes exists in any case except under the provisions of the statute.

The petition failing to state facts sufficient to warrant the relief sought, the demurrer to it was properly sustained, and the decree dismissing it will be affirmed, which is done.

*Decree affirmed.*