## Fred C. Bell, Receiver,
### v.
## Frank E. Barnard, Collector.

*Municipal Corporations—Personal Property Tax—Insolvent—Receiver.*

1. If there is no assessment against a person or corporation, there can be no lien for taxes upon the property of either.

2. An assessment upon personal property of (blank), located at a certain street number, is not a valid assessment to create a lien against the property of any person.

3. Upon a petition by a tax collector that the receiver of an insolvent corporation be directed to pay its past due personal property tax, and that the same may declared a first lien on the property thereof, this court holds that while the order entered in conformity with such request was ambiguous, it must be read and interpreted in connection with the petition, and so reading it, must be construed as an order upon the receiver to pay the taxes mentioned in the petition, but that such order was not warranted by the allegations of the petition.

[Opinion filed October 23, 1890.]

Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding.

Messrs. Edward Owings Towne and Richard Henry Towne, for appellant.

Mr. George A. Gibbs, for appellee.

Moran, J. Appellee filed in the Circuit Court, his petition against appellant, who was the receiver in said court of the W. D. Snyder Furniture Company, alleging that he, said petitioner, was the collector of the town of South Chicago; that on December 2, 1889, he duly received the books of said office, containing among other things, the assessment of personal property taxes for the year 1889, in said town; that said books show the assessment of personal property taxes for said year of " the sum of $94.18 upon personal property of said (blank) located at 218 Wabash avenue, Chicago;" that said taxes are long since due and payable, and are

unpaid; that it appears from the records of the court that one F. C. Bell was, on the 23d day of October, 1889, appointed, and is the receiver of said W. D. Snyder Furniture Company; that said petitioner believes said taxes to be a first lien upon the personal property and assets of said company. Prays that said court may order and decree that said taxes are a first lien upon the property and assets of said W. D. Snyder Furniture Company, and may order and direct said F. C. Bell to pay said collector the said sum as aforesaid.

The petition was sworn to by said Barnard. To this petition appellant demurred, but the court overruled the demurrer and to quote from the record "doth rule the receiver to pay taxes instanter."

The appeal is prosecuted from this order. The order is ambiguous, and we have been in some doubt as to whether it could be treated as hurtful to appellant. Standing by itself, it is nothing more than a general direction to the receiver to pay taxes, without indicating what taxes he is to pay, and may mean only that receiver shall pay any taxes due upon the property in his possession.

But we have concluded that in such a matter the order is to be read and interpreted in connection with the petition in the proceeding in which it is entered, and so reading it, we think it fairly appears that the receiver was ordered to pay the taxes mentioned in the petition, and so it would probably be interpreted and enforced by the Circuit Court. In this view, the question arises as to the sufficiency of the allegations of the petition to warrant such an order. The petition does not allege that the property of the W. D. Snyder Furniture Company was ever assessed.

Sec. 254 of Chap. 120, R. S., provides that " The taxes assessed upon personal property, shall be a lien upon the personal property of the person assessed, from and after the time the tax books are received by the collector."

If there is no assessment against a person or corporation, there can be no lien on the personal property of such person or corporation for taxes. The assessment of personal property is to or against the owner, and such assessment, while

Bell v. Barnard.

it becomes a lien on the first of May, on such real property as the individual or corporation to or against whom it is made may own, it does not become a lien on personal property till the books come to the hand of the collector. " The lien given for the personal tax has no reference to the property originally assessed, but it is a lien that attaches to all the personal property of the tax debtor, without regard to whether it was previously assessed or not. The very wording of the section directly negatives the idea that the lien has any special reference to the previously assessed property, or that it creates any lien at all upon such property, unless it belongs to the tax debtor at the time the tax books come to the hands of the collector. Had the Legislature intended anything of that kind, it would have provided that the taxes should be a lien upon the property assessed, and not, as it has, upon the property of the person assessed." Binkert v. Wabash Ry. Co., 98 Ill. 205.

An assessment upon personal property of (blank) located at No. 218 Wabash avenue, Chicago, is not a valid assessment to create a lien against the property of any person, and therefore the petition does not show that a lien ever attached to the property of any person. The petition is in every essential respect insufficient. It does not allege that the personal property situate at 218 Wabash avenue, was the property of the W. D. Snyder Furniture Company, nor does it allege that any assets of said Furniture Company ever came to the hands of the receiver. It therefore furnished no basis whatever for the entry of the order requiring the receiver to pay the taxes mentioned in the petition. Petition of Johnson, Collector, 104 Ill. 50.

As the record shows nothing else to support the order but the allegations of the petition, the same must be held unauthorized and reversed, and the matter remanded to the Circuit Court.

*Order reversed and remanded.*