## CRESCENT LIVERY COMPANY

### V.

### CHARLES G. PERKINS, RECEIVER.

*Taxation—Personal Property—Secs. 135 and 254, Chap. 120, R. S.*

1. A personal property tax is not a lien on the property of the person or corporation against whom it is assessed, as of the first day of May of the year for which it is assessed; it becomes so when the books come to the hand of the collector.

2. Sec. 135, Chap. 120, R. S., seems to fix the time for the delivery of tax books to the collector as between the first and twenty-second days of December of each year.

[Opinion filed May 12, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. LOREN C. COLLINS, Judge, presiding.

Mr. D. S. GOODING, for appellant.

Mr. GEORGE R. GRANT, for appellee.

SHEPARD, J.  The appellee, Perkins, was appointed June 17, 1889, receiver of the Chicago Hansom Cab Company in the suit of Charles T. Yerkes against the said company and others, in the Circuit Court of Cook County.

By leave of court the appellant filed in said cause its amended intervening petition, alleging that the said Chicago Hansom Cab Company on May 1, 1889, was the owner and in possession of certain cabs and horses; that on the said first day of May, 1889, the personal taxes upon said property for the year 1889, became, by law, a lien thereon; that afterward on May 6, 1889, the said company made a pretended sale of said personal property to one Warren Springer; that said receiver was appointed June 17, 1889, and took possession of all of said personal property and held possession

thereof until March, 1890, when, by order of court in said cause in which he was appointed receiver, he turned back to said Springer all of said property; that afterward and in the same month of March, 1890, the said Springer sold and delivered said property to one Needham, who, on April 1, 1890, sold the same to the petitioner; that said personal taxes for the year 1889 were not paid by the receiver nor any one else, but remained a charge on said property all the time after May 1, 1889; that after petitioner purchased said property, and in June, 1890, the collector of Cook County levied upon and sold a portion of said property to satisfy said taxes, and that petitioner caused the same to be bid in at said sale for the amount of said taxes and costs, $572.72, and paid said sum to said collector in satisfaction of said taxes; that said taxes were a lien on said property when it was owned and in possession of said Hansom Cab Company, and that petitioner was ignorant, when it purchased the said property from Needham, of the non-payment of said taxes, and that it did not assume to pay the same, and charges that the payment of said taxes gives it a just claim against the said cab company, and prays for an order on said receiver to pay the amount thereof. To the petition a general demurrer by the receiver was filed, and on argument, the demurrer was sustained and the petition dismissed for want of equity.

The theory upon which the petition was filed was, that personal property taxes are a lien on the property of the person or corporation against whom they are assessed as of the first day of May of the year for which they are assessed. This is not a new question in this State, and if it were it would not present any serious difficulty.

Chap. 120, R. S., Sec. 254, is as follows: Sec. 254. "The taxes assessed upon personal property shall be a lien upon the personal property of the person assessed, from and after the time the tax books are received by the collector." Sec. 135 of the same chapter requires that the books of the collection of taxes shall be delivered to the collectors of taxes "on or before the twentieth day after the first day of Decem-

ber annually, or as soon thereafter as the collectors are duly qualified," and it is made the duty of the collector to call at the clerk's office and get the books " within such time."

The petition omits to allege when the tax books were delivered to the collector, and in that respect was defective; but the statute seems to fix the time for their delivery as between the first and twenty-second days of December, and it is a matter of general knowledge that the books are not delivered to the collectors until in December of each year. Hill v. Figley, 23 Ill. 418. In Bell v. Barnard, 37 Ill. App. 275, this court has said the tax on personal property does not become a lien " till the books come to the hand of the collector."

The Supreme Court of this State, in Binkert v. Wabash Ry. Co., 98 Ill. 205, quotes Sec. 254, *supra*, of the Revenue Act, and says it is by virtue of that section that the tax lien exists at all, and that the statute, having fixed a definite time when the lien shall commence, is equivalent to saying it shall not commence before that time. It is also said in the same case :    " When the tax books come to the collector's hands, the personal taxes at once, and not before, just like an execution, become a lien upon all the personal property which the person assessed then owns, without regard to what he may have owned when the assessment was made. And it is also said in Hill v. Figley, *supra*, that the lien, when it does attach, is not upon the specific articles assessed, but upon all the personal property of the person owing the taxes which he owns at the time the lien attaches, and " from the time. the collector receives his warrant until it is paid."

In the case under consideration, the Hansom Cab Company, against whom the personal property tax in question was assessed, sold the property on the 6th day of May, 1889, to Warren Springer. It is true the validity of that sale was attacked and the property passed into the hands of a receiver, by whom it was held when the warrant was delivered to the tax collector. The property, however, never again became possessed or owned by the cab company, but was restored to Springer by order of court, presumably because of

a finding by the court that he became the rightful owner thereof under the sale to him of May 6, 1889. It follows therefore that the property was never subject to a lien for the personal taxes of 1889, and neither the receiver nor the appellant were bound to pay them.

If the tax collector was a trespasser in seizing and selling the property, it is no ground for recovery against the receiver.

The Circuit Court properly dismissed the petition and its judgment will be affirmed.

                                           *Judgment affirmed.*